**Dennis E. GILYARD, Petitioner-Appellant,**

v.

**Howard YEAGER, Warden, New Jersey State Prison, Respondent-Appellee.**

**No. 16666.**

United States Court of Appeals
Third Circuit.

Submitted on Briefs July 30, 1968.

Decided Sept. 4, 1968.

Dennis E. Gilyard, pro se.

Raymond R. Trombadore, First Asst. Prosecutor, Michael R. Imbriani, Somerset County Prosecutor, Somerville, N. J., for respondent-appellee.

Before FREEDMAN and SEITZ, Circuit Judges, and LAYTON, District Judge.

OPINION OF THE COURT

PER CURIAM:

On June 7, 1961, Petitioner was convicted of armed robbery in the State Courts of New Jersey, and sentenced on June 23, 1961, to from 15 to 21 years. After a number of unsuccessful applications for post-conviction relief in the New Jersey Courts, he filed a petition for habeas corpus [1] in the United States District Court for the District of New Jersey, alleging that his State Court conviction was based upon illegally seized evidence, that he was denied counsel in the perfection of his appeal [2] and that

1. He had filed an earlier petition for habeas corpus which was denied upon the ground that he had failed to exhaust his State Court remedies.

2. The gravamen of this phase of the habeas corpus petition is apparently that the Petitioner failed to take a timely

appeal because he was not given counsel and, therefore, should not be denied the relief which he believes would follow from an application of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), to his case. Thus, it appears that this ground is not separate from the *Mapp* question, discussed infra. If, how-

the trial judge's comments during the trial denied him a fair trial. This petition was denied upon the following grounds:

(1) That the refusal by the New Jersey Courts to apply Mapp v. Ohio, 367 U.S. 643, [81 S.Ct. 1684, 6 L.Ed.2d 1081] (1961), to the Petitioner's case when raised in a 1962 collateral proceeding was in accord with the Supreme Court's ruling in Linkletter v. Walker, 381 U.S. 618, [85 S.Ct. 1731, 14 L.Ed.2d 601] (1965); and (2) the comments by the trial judge were cured in the charge so as not to affect the fundamental fairness of the trial.

In our view, the District Court misconceived the effect of *Linkletter*, supra. In that case, the Supreme Court held that *Mapp* is retroactive to the limited extent that it applies to those cases which were still not "final" as of June 19, 1961. Here, because Petitioner had not as yet been sentenced on June 19, 1961, it is clear that neither his right to appeal nor the time for an application for a writ of certiorari could have run and, thus, his conviction was not final as of June 19, within the meaning of *Linkletter*.

The second ground of the petition, that the comments by the trial judge denied the Petitioner a fair trial, is without merit for the reason stated by the District Court. Accordingly, the judgment below is affirmed insofar as it disposes of this particular ground.

However, as to the first ground of the petition, the District Court is directed to hold a hearing in order to determine whether Petitioner "deliberately bypassed the orderly procedure of the state courts",[3] and if not, whether the evidence introduced was illegally seized. Further, we suggest that the Court consider the desirability of appointing counsel to represent Petitioner in such hearing.

Affirmed in part and reversed and remanded in part.

ever, the Petitioner entertains a different view, he is free to raise it before the District Court.

3. Fay v. Noia, 372 U.S. 391, at page 438, 83 S.Ct. 822 at page 848, 9 L.Ed.2d 837 (1962).